## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBIN SMITH, # N-54258,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 14-cv-00142-JPG** |
| ) | |
| **DONALD GAETZ, LT. HUBLER,** ) | |
| **PETER LISZEWSKI, KARRI SANDERS,** ) | |
| **PETER J. JOHNSON,** ) | |
| **WILLIAM HARRIS, MATT FLOWERS,** ) | |
| **BOBBY JOHNSON, BILLY ROLLA,** ) | |
| **C/O LAWRENCE, JEFFREY BARKER,** ) | |
| **KIM DEEN, BRENDA PAULSMEYER,** ) | |
| **and BRETT A. KLINDWORTH,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 28 U.S.C. § 1983 (Doc. 1).  Plaintiff claims that fourteen Pinckneyville officials conspired to retaliate against him for filing grievances (Doc. 1, p. 2).  He asserts claims against these officials under the First and Fourteenth Amendments and Illinois tort law (Doc. 1, p. 1).  Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

Plaintiff filed a nearly identical action in this Court against nineteen Pinckneyville officials on June 11, 2013.  *Smith v. State of Illinois, et al.*, 13-cv-551-MJR (S.D. Ill. June 11, 2013) (Doc. 1) ("prior action").  The Court dismissed Plaintiff's original complaint under the Federal Rules of Civil Procedure 8.  *Id.* (Doc. 7).  Plaintiff was granted leave to file an amended complaint, but failed to do so.  On November 12, 2013, the Court dismissed the action without prejudice.  *Id.* (Doc. 14).

Plaintiff's latest complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.   Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

At the outset, the Court notes that, as compared to the complaint filed in Plaintiff's prior action, the instant complaint is substantially streamlined.  Plaintiff has reduced the number of defendants by five.  The length of the complaint is reduced from twenty-nine pages to eighteen. The length of Plaintiff's total submission, including the complaint and exhibits, is reduced from almost two hundred pages to fifty-four.  After fully considering the substantive allegations set forth therein, the Court concludes that the complaint passes muster under Federal Rule of Civil Procedure 8 and survives preliminary review under § 1915A.

**The Complaint**

According to the complaint, fourteen Pinckneyville officials conspired to retaliate against Plaintiff beginning in June 2011.  These officials include a former warden (Gaetz), nine officers (Hubler, Liszewski, Peter Johnson, Harris, Flowers, Bobby Johnson, Rolla, Lawrence, and Barker), three counselors (Deen, Paulsmeyer, and Sanders), and Defendant Klindworth. Together, Defendants allegedly launched a campaign of harassment and bullying against Plaintiff in June 2011 that continued through February 2013.

Plaintiff points to a grievance he filed on June 21, 2011, as the triggering event (Doc. 1, pp. 6, 27-32).  The grievance was dated June 11, 2011, and refers to events occurring earlier that month.   Plaintiff complained that Defendants Harris and Johnson repeatedly allowed another

inmate to sort through his property, resulting in the loss of several items.  The grievance also indicates that Defendant Harris threatened Plaintiff with physical harm when Plaintiff tried to address the issue directly with him (Doc. 1, p. 27).

This grievance allegedly triggered a wave of retaliation by prison officials, which includes the following acts among others: (1) threats of physical harm by Defendant Harris (Doc. 1, pp. 6-7); (2) excessive cell searches (i.e., three in a single day) by Defendants Harris, Johnson, and Flowers (Doc. 1, pp. 7-8); (3) taunting and verbal harassment by Defendants Harris, Lawrence, Johnson, and Hubler (Doc. 1, pp. 7, 8); (4) circulation of the grievance and public readings of it by Defendants Harris and Sanders (Doc. 1, pp. 7-8, 10); (5) confiscation or destruction of Plaintiff's personal property by Defendants Johnson, Harris, and Flowers (Doc. 1, pp. 7-8, 13); (6) denial of commissary by Defendants Flowers and Lawrence (Doc. 1, p. 8); (7) repeated denial of library, lunch, yard, and/or dayroom privileges by Defendants Lawrence, Hubler, Johnson, and Rolla (Doc. 1, pp. 8-10); (8) failure to investigate grievances by Defendant Sanders (Doc. 1, p. 10); (9) disposal of Plaintiff's grievances by Defendant Paulsmeyer (Doc. 1, p. 11); (10) issuance of false disciplinary reports in an attempt to send Plaintiff to segregation by Defendant Paulsmeyer and other Pinckneyville officials (Doc. 1, p. 11); and (11) mischaracterization of grievances by Defendant Deen (Doc. 1, pp. 12-13).

Plaintiff now sues Defendants for conspiracy, retaliation, and due process violations arising under the First and Fourteenth Amendments.  He also asserts a negligence claim against Defendants under Illinois tort law.  Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

**<u>Discussion</u>**

After fully considering the allegations in the complaint, the Court finds it convenient to

divide the complaint into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the judicial officer of this Court.

> **Count 1:  Retaliation claim against Defendants;**
>
> **Count 2:  Conspiracy claim against Defendants;**
>
> **Count 3:  Due process claims against Defendants;**
>
> **Count 4:  Negligence claim against Defendants.**

**Count 1 – Retaliation**

Upon careful review of the allegations, the Court finds that the complaint states a viable retaliation claim (**Count 1**) against Defendants Flowers, Harris, Hubler, Bobby Johnson, Peter Johnson, Lawrence, Paulsmeyer, Rolla, and Sanders.   To prevail on a First Amendment retaliation claim, Plaintiff must establish that (1) he engaged in activity that is protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in each defendant's decision to take the retaliatory action.  *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)).

The complaint points to Plaintiff's grievance dated June 11, 2011, as the protected First Amendment Activity.  The Seventh Circuit has made it clear that prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  At this early stage, the allegations in the complaint satisfy the first requirement.

With regard to the second requirement, Plaintiff identifies acts taken by each defendant

that would deter future First Amendment activity, including excessive cell searches, denial of privileges, confiscation of property, issuance of false disciplinary reports, etc.  While each of these acts, when standing alone, might not be actionable, they become actionable under the First Amendment in a Section 1983 action if taken in retaliation for the exercise of a constitutionally protected right.  *See Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987).  The allegations satisfy the second prong of a retaliation claim.

The third prong is also satisfied at this early stage.  The defendants' frequent references to the June 2011 grievance when taking action against Plaintiff suggest that the grievance is "at least a motivating factor" in the retaliation.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Flowers, Harris, Hubler, Bobby Johnson, Peter Johnson, Lawrence, Paulsmeyer, Rolla, and Sanders.  The Court will address the dismissal of the remaining defendants below.

**Count 2 – Conspiracy**

The complaint also articulates a viable conspiracy claim (**Count 2**) against the same defendants, including Defendants Flowers, Harris, Hubler, Bobby Johnson, Peter Johnson, Lawrence, Paulsmeyer, Rolla, and Sanders.  The allegations suggest that the acts of retaliation taken against Plaintiff were part of a larger conspiracy by Defendants to retaliate against him. A claim of civil conspiracy is actionable under Section 1983, although it is not an independent basis of liability.  *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008).  "[I]t is enough in pleading a civil conspiracy claim merely to indicate the parties, general purpose, and approximate date. . . ."  *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002).  *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003);

*Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).

Here, Plaintiff has named the parties (Defendants Flowers, Harris, Hubler, Bobby Johnson, Peter Johnson, Lawrence, Paulsmeyer, Rolla, and Sanders).  He claims that the purpose of the conspiracy was to retaliate against him for exercising his right to file administrative complaints.  The approximate time frame of the conspiracy was from June 2011 until February 2013.  At this stage, the conspiracy claim cannot be dismissed against the above-named defendants.

Accordingly, Plaintiff shall be allowed to proceed with **Count 2** against Defendants Flowers, Harris, Hubler, Bobby Johnson, Peter Johnson, Lawrence, Paulsmeyer, Rolla, and Sanders.  The Court will address the dismissal of the remaining defendants below.

**Count 3 – Due Process**

The complaint fails to state a viable due process claim (**Count 3**) against any of the defendants.  Plaintiff raises two due process claims against Defendants Paulsmeyer, Deen, and/or Sanders, including: (1) a claim that these defendants failed to process Plaintiff's grievances; and (2) a claim that Defendant Paulsmeyer fabricated a disciplinary report against Plaintiff in an attempt to have him sent to segregation (Doc. 1, pp. 10-13).  Both claims fail.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Therefore, the complaint fails to articulate a viable claim against Defendants Paulsmeyer, Deen, and/or Sanders for failing to process or

investigate Plaintiff's grievances.

Further, allegations of false disciplinary reports do not state a claim where due process is afforded. *See Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994) aff'd, 70 F.3d 117 (7th Cir. 1995) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)). The Seventh Circuit has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. A hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan v. Lane*, supra, 747 F.2d at 1141. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987). The complaint does not develop Plaintiff's claim regarding the alleged issuance of a false disciplinary ticket in any manner. There is no assertion that due process was denied, that Plaintiff was denied a hearing before an impartial body, or that he was even sent to segregation as a result of the ticket. Without more, this claim fails. Accordingly, **Count 3** shall be dismissed against Defendants with prejudice.

### Count 4 – Negligence

The complaint also fails to state a claim under Illinois tort law for negligence (**Count 4**). Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

The Court has original jurisdiction over this § 1983 action.  Because the tort claim and federal claims allegedly arise from the same facts, the district court also has supplemental jurisdiction over Plaintiff's related state law claim.

However, the negligence claim fails.  The complaint makes nothing more than a passing reference to this claim.  Plaintiff offers no explanation of this claim and no allegations in support of it.  Without more, the claim does not satisfy the pleading standards set forth in *Twombly* and Rule 8.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  The allegations do not push Plaintiff's negligence claim from possible to plausible.  **Count 4** shall be dismissed with prejudice.

**Dismissal of Remaining Defendants**

Defendants Gaetz, Deen, Klindworth, Barker, and Liszewski shall be dismissed from this action for the reasons discussed herein.

**1.     Defendant Gaetz**

The Court dismissed Plaintiff's claims against Defendant Gaetz with prejudice in the prior action.  *See Smith v. State of Illinois, et al.*, 13-cv-551-MJR (S.D. Ill. June 11, 2013) (Doc. 7).  Plaintiff is precluded from asserting the same claims against Defendant Gaetz in this action.   In both, Defendant Gaetz, Pinckneyville's warden, has been sued because of his supervisory role and/or his role as an arbiter of administrative grievances.  The doctrine of *respondeat superior* does not apply to Section 1983 actions.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  To be liable under Section 1983, "an individual defendant must have caused or participated in a constitutional deprivation."  There is no indication that Defendant Gaetz was personally involved in a constitutional violation.  Liability does not arise

from Defendant Gaetz's role in reviewing grievances, where he was not the original decision-maker.  *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772, n. 3 (7th Cir. 2008).  For these reasons, Defendant Gaetz was dismissed with prejudice from the prior action, and Plaintiff is now precluded from raising these same claims against him.  Accordingly, Defendant Gaetz shall be dismissed with prejudice.

**2.     Defendant Deen**

Defendant Deen was also dismissed with prejudice from the prior action.  Plaintiff, once again, attempts to assert the same claim against her in this action, i.e., that she "mischaracterized" his grievances and refused to process them.  The due process claim against Defendant Deen was dismissed with prejudice in the prior action, and Plaintiff is precluded from recycling it here.  This is the only claim asserted against Defendant Deen in this action.  Accordingly, Defendant Deen shall be dismissed with prejudice.

**3.     Defendants Klindworth & Barker**

The complaint contains no substantive allegations against Defendants Klindworth or Barker.  Although both Defendants are named in the case caption and the list of defendants, there is no mention of them in the statement of claim.  The Court is therefore unable to ascertain what claims, if any, Plaintiff has against them.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Twombly*, 550 U.S. at 555.  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the

complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  For these reasons, Defendants Klindworth and Barker shall be dismissed from this action without prejudice.

**4.      Defendant Liszewski**

Finally, Defendant Liszewski shall also be dismissed from this action.  The complaint articulates no claim against him.  According to the complaint, Defendant Liszewski directed "profane threats, bullying, and harass[ment]" toward Plaintiff on May 5, 2011, as Plaintiff prepared to file a grievance against him (Doc. 1, p. 6).  Defendant Liszewski also withheld information (i.e., his badge number) from Plaintiff.  While deplorable, the use of racial epithets does not give rise to a constitutional claim.  Further, this incident occurred before the alleged conspiracy even began, so the retaliation and conspiracy claims against this defendant fail. For these reasons, Defendant Liszewski shall be dismissed without prejudice.

**Pending Motions**

**1.      Motion for Leave to Proceed IFP (Doc. 2)**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be decided in a separate Order of this Court.

**2.      Motion to Appoint Counsel (Doc. 3)**

Plaintiff has filed a motion to appoint counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

**3.      Motion for Service of Process (Doc. 4)**

Plaintiff has also filed a motion for service of process at government expense (Doc. 4),

which is hereby **GRANTED, in part,** as to Defendants Flowers, Harris, Hubler, Bobby Johnson, Peter Johnson, Lawrence, Paulsmeyer, Rolla, and Sanders.   It is **DENIED, in part,** as to Defendants Gaetz, Deen, Klindworth, Barker, and Liszewski.

**4.      Motion for Law Library Access (Doc. 5)**

Finally, Plaintiff has filed a motion for adequate access to the law library (Doc. 5), in order to, among other things, respond to written discovery in another case.   This motion is **DENIED** without prejudice.

**5.      Motion for Injunctive Relief**

In the body of the complaint (Doc. 1), Plaintiff requests a preliminary and permanent injunction (Doc. 1, p. 18) ordering certain defendants to "cease their actions of [b]ullying, [c]ampaign of [h]arassment, and [i]mproper [r]etaliating against Plaintiff."   The Court saves for another day the issue of whether to grant Plaintiff's request for a permanent injunction.

In considering whether to grant a preliminary injunction, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.   Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.   *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing an opinion on the ultimate merits of Plaintiff's claim for relief, the Court finds that a preliminary injunction should *not* be issued at this time.   With respect to these

claims, the motion for preliminary injunction does not set forth specific facts demonstrating the likelihood of any immediate or irreparable harm, nor do they meet any of the remaining criteria outlined above. *See* FED. R. CIV. P. 65(b)(1)(A). The complaint includes no allegations suggesting that the retaliation, bullying, or harassment is on-going at this time. In fact, the last incident mentioned in the complaint was the "mischaracterization" and failure to process a grievance in February 2013, a year before this action was even filed. The complaint simply does not suggest any urgency in addressing the alleged retaliatory conduct of Defendants on this level. Plaintiff's request for a preliminary injunction is **DENIED**; however, this dismissal is without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction is **DENIED** without prejudice.

**IT IS ORDERED** that **COUNTS 3** and **4** are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that Defendants **GAETZ** and **DEEN** are **DISMISSED** with prejudice. **DEFENDANTS KLINDWORTH, BARKER,** and **LISZEWSKI** are dismissed without prejudice.

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS FLOWERS, HARRIS, HUBLER, BOBBY JOHNSON, PETER JOHNSON, LAWRENCE, PAULSMEYER, ROLLA,** and **SANDERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

13

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 14, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**
