UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBIN SMITH,

     Plaintiff,

          v.

DONALD GAETZ, LIEUTENANT HUBLER,
PETER LISZEWSKI, PETER J JOHNSON,
WILLIAM HARRIS, MATT FLOWERS,
BOBBY JOHNSON, BILLY ROLLA, C/O
LAWRENCE, JEFFREY BARKER, KIM
DEEN, BRENDA PAULSMEYER, KARRI
SANDERS and BRETT A KLINDWORTH,

     Defendants.

Case No. 14-cv-142-JPG-PMF

**MEMORANDUM AND
<u>ORDER TO SHOW CAUSE</u>**

     This matter comes before the Court for case management purposes.   Since this case was filed on February 10, 2014, the Court has allowed the plaintiff to proceed in this case without prepayment of fees.   On April 3, 2014, the Court assessed an initial partial filing fee of $2.22 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 28).   The Court calculated this filing fee after considering the average monthly balance or deposits in the plaintiff's account for the six-month period immediately preceding the filing of the complaint.

     On June 19, 2014, Magistrate Judge Philip M. Frazier ordered the plaintiff to pay on or before August 4, 2014, the $2.22 initial partial filing fee assessed at the outset of this case or to demonstrate that he had no assets and no means to pay that sum (Doc. 40).   Magistrate Judge Frazier further ordered that any attempt to show no assets or means must be supported by a prison trust fund account statement covering the entire time this case has been pending.

     Since that order, the plaintiff has not paid anything toward his initial partial filing fee.

Instead, he has filed an unsigned motion for reconsideration of the fee assessment (Doc. 48) with a prison trust fund statement attached.   That statement shows Smith has a current balance of $2.50 (but is $108.99 in the hole considering "restricted funds" of some sort), but it also shows that Smith had a balance of $10.00 on the day he filed this case and $9.57 on the day the Court assessed the initial partial filing fee.   In addition, the statement shows Smith received at least $30.74 in "payroll adjustments" and spent at least $3.57 on commissary items and $27.50 on library items since filing this case (the statement Smith submitted on August 4, 2014, only goes through June 18, 2014; he may have received or spent more since then).

As a preliminary matter, the Court may not reconsider its assessment of the initial partial filing fee.   The fee must be assessed as required by 28 U.S.C. § 1915(b)(1), which does not provide any discretion for the Court to waive the fee.   Accordingly, the Court **DENIES** the motion to reconsider the fee assessment (Doc. 48).

Additionally, in light of the fact that Smith (1) had enough money when he filed this case and when the fee was assessed to pay the entire initial partial filing fee, (2) spent almost 14 times the initial partial filing fee at the commissary and library since filing this case, and (3) has failed to submit a trust fund statement that covers the entire time this case has been pending as required by Magistrate Judge Frazier, the Court **ORDERS** Smith to **SHOW CAUSE** on or before September 26, 2014, why the Court should not dismiss this case for failure to pay the initial partial filing fee. Payment of the entire initial partial filing fee of $2.22 will satisfy this order to show cause.   The Court further **ADVISES** Smith that it is his burden to show that sufficient funds have not existed and do not exist to collect the assessed fee and that he is not at fault for the lack of funds.   *See Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014).   The Court further **STAYS** this case until further order of the Court, and **WARNS** Smith that if he fails to respond to this order, the Court will dismiss this case for failure to pay the filing fee and/or for lack of prosecution pursuant to

2

Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**
**DATED:   August 19, 2014**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**