UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBIN SMITH,

    Plaintiff,

    v.

DONALD GAETZ, LIEUTENANT HUBLER,
PETER LISZEWSKI, PETER J JOHNSON,
WILLIAM HARRIS, MATT FLOWERS, BOBBY
JOHNSON, BILLY ROLLA, C/O LAWRENCE,
JEFFREY BARKER, KIM DEEN, BRENDA
PAULSMEYER, KARRI SANDERS and BRETT A.
KLINDWORTH,

    Defendants.

Case No. 14-cv-142-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Robin Smith's responses (Docs. 56 & 59) to the Court's August 19, 2014, order to show cause (Doc. 54) why the Court should not dismiss this case for failure to pay the $2.22 initial partial filing fee. In the show cause order, the Court noted that Smith had sufficient funds in his prison trust account on the day he filed this lawsuit and on the day he was assessed the initial partial filing fee to pay that fee in full. Smith's response indicates he cannot pay the initial partial filing fee at this time because he has no funds.

The apparent easy answer to this situation – dismissal for failure to pay the initial partial filing fee – is complicated by something referred to as "restricted funds." It appears that the Illinois Department of Corrections ("IDOC") advances indigent inmates like Smith fees for things like legal postage or library fees to ensure their access to the courts or medical co-payments to ensure their health. When it advances a sum, it adds to the tally of "restricted funds," that is, the inmate's debt to the prison. It also appears that when the inmate's trust fund account balance is high enough to repay IDOC for one of the "restricted fund" entries, IDOC takes the money from

the inmate's trust fund. It appears IDOC pays itself without regard to whether the inmate also owes a court filing fee and, as a consequence, if the inmate can keep a running debt with IDOC, the filing fee will never be paid.

The debits to the inmate trust fund account are described on the trust fund account statement by number, fund type, and invoice date (that is, the date the debt was incurred). So, for example, on April 11, 2014, not long after the $2.22 initial partial filing fee was assessed in this case, Smith had a balance of $17.39 in his trust fund account, but four days later IDOC debited his trust fund account for a $14.20 to repay a debt he incurred on February 25, 2014, and for $2.20 to repay a debt he incurred on April 15, 2014. This left him with a $0.99 balance, too low to pay his $2.22 filing fee. *See* Doc. 56, Page ID #289. It is unclear whether IDOC would have remitted the $2.22 initial partial filing fee to the Court if Smith had asked it to do so between April 11 and April 15, 2014, when he had $17.39 in his account. The upshot of this practice of repaying an inmate's debt to IDOC appears to be, as noted above, that the Court's filing fee will not be paid until the inmate pays all of his debt to IDOC, even if on a particular date he appears to have a sufficient balance to pay the fee.

Smith appears to be caught up somewhere in this financial maze because IDOC will not honor his requests to remit his initial partial filing fee to the Court because it says he has insufficient funds. It is too cumbersome for the Court to compare his account balance to his list of restricted funds to see when, if ever, he had sufficient assets to pay his initial partial filing fee. One thing is clear, however: on February 19, 2014, shortly after he filed this lawsuit, he spent $3.57 at the commissary. This sum was not preempted by an IDOC debt and was more than sufficient to have paid the entire initial partial filing fee. In light of his choice to spend $3.57 on his commissary purchase instead of paying the Court, the Court finds Smith had sufficient assets to pay the full initial partial filing fee at the time he filed this case. That he chose to spend the money

at the commissary means the failure to be able to pay the filing fee is his own fault. *See Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014) (*per curiam*).

Nevertheless, the Court will give Smith one last chance to pay the initial partial filing fee before it dismisses his case. The Court **ORDERS** that Smith shall have up to and including February 20, 2015, to pay the entire initial partial filing fee of $2.22. Smith's trust fund account statements indicate that he seems to be able to pay off his debts to IDOC within a month or two of incurring them. The Court strongly suggests that between now and February 20, 2015, Smith exercise discretion in his library and legal postage spending such that he can pay off his debt to IDOC and then to the Court. Expenditures for access to the Court for this case will be meaningless if his case is dismissed for failure to pay the initial partial filing fee. The Court reminds Smith that this case is currently stayed until further order of the Court, so he should not have any additional legal costs in this case at this time. If Smith does not pay the fee at that time, he must provide the Court with his trust fund account statement from now until February 20, 2015, a list of the restricted funds incurred during that time period, and an explanation of why each restricted fund debt was incurred. The Court further **WARNS** Smith that if he fails to pay the full $2.22 on or before February 20, 2015, the Court may dismiss this case without further warning. Smith's motion to add documents (Doc. 59) is **GRANTED**; the Court has considered the additional documents in issuing this order.

**IT IS SO ORDERED.**
**DATED: November 17, 2014**

                                                  s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**