IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN SMITH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00142-JPG-PMF |
| ) | |
| DONALD GAETZ, et al., ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are a defense motion to dismiss and a suggestion of the death of defendant William Harris (Doc. Nos. 55, 57). Responses are not on file.

### I.     Motion to Dismiss

This motion was filed pursuant to Rule 41(b), which permits involuntary dismissal for failure to prosecute. The defendants argue that Smith effectively failed to prosecute his case by refusing to accept mail from defense counsel on two occasions. The first item contained written discovery requests. The second item contained a motion to compel discovery. That motion was later granted (Doc. No. 71). While plaintiff received ample time to file a response to this motion, a response is not on file (See Doc. No. 78). The absence of a response may be deemed an admission to the merits of the motion. SDIL-LR 7.1(c).

Dismissal for want of prosecution is an extraordinarily harsh sanction that should be used only when there is a clear record of delay or contumacious conduct or less drastic sanctions have been unavailing. *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008). The Court has evaluated all circumstances, including the frequency of plaintiff's failure to comply with procedural deadlines, his level of responsibility for errors, the effect on the judicial calendar, prejudice

caused to the defense, the merit of the underlying claims, and social objectives represented by this suit. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). While there is a clear record of delay and contumacious conduct, the sanction of dismissal remains a bit premature. The Court has not yet imposed the mild discovery sanctions authorized by Rule 37(d), and the case remains on track for discovery to be completed by August 7, 2015. The circumstances do not support involuntary dismissal at this time. Plaintiff is advised that dismissal will be considered if he rejects any additional mail from defense counsel or otherwise interferes with defense counsel's efforts to obtain information during the discovery process.

## II. Claim Against William Harris

On September 8, 2014, the defendants suggested the death of William Harris (Doc. No. 57). A motion to substitute the proper party was not file within the requisite 90-day period. Fed. R. Civ. P. 25(a)(1). Accordingly, the claim against William Harris should be dismissed at this time.

## III. Conclusion

IT IS RECOMMENDED that the motion to dismiss (Doc. No. 55) be DENIED. Plaintiff's claim against defendant William Harris should be dismissed.

SUBMITTED: June 16, 2015

       s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**